

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-1131
Re: Interpretation of Sections 8a
and 8b and 8c of S. B. 200.

We have your request for an opinion of this depart-
ment on the following questions:

"1. Is the $10,000 appropriation speci-
fied in Section 8a available now for the use
and benefit of the State Health Department
in carrying out the provisions of this Act?

"2. If the $10,000 above mentioned is
available now, over what period of time can
it be expended by the State Health Department
in carrying out the provisions of this Act?

"3. Are the several sums of moneys
specified in Section 8b and independent ap-
propriations effective August 31 contingent
only upon receipts obtained from collections
under Section 8c?

"4. Will the expenditure of money for
this purpose, until August 31, 1940, be
limited to $10,000 or $34,400 or $34,400 plus
$10,000?

"5. Section 8a provides in part such
funds to be disbursed by order of the State
Health Officer and the Treasurer of this State.
Does this mean that all accounts before being
presented to the Comptroller shall be approved
by the State Health Officer and the Treasurer
of this State?"

Dr. George W. Cox, Page 2

You first ask if the $10,000 appropriation mentioned in Section 8a, of the bill is available for use now of carrying out the provisions of this act. We quote Section 8a of the bill which reads as follows:

"SEC. 8a. There is hereby appropriated immediately out of the General Fund of the State Treasury not otherwise appropriated a sum of Ten Thousand ($10,000) Dollars to carry out the purposes and provisions of this Act for the remainder of the fiscal year ending August 31, 1939, such funds to be disbursed by order of the State Health Officer and the Treasurer of this State."

The above section discloses the intention of the Legislature that there shall be available to your department $10,000 for the purposes of setting up and carrying out the provisions of this Act for the remainder of the fiscal year 1938-39. The emergency clause of the Act supports that conclusion. It was the intention of the Legislature that the organization set up be completed as soon as possible and that the Act be put into force as soon as proper steps could be taken to administer the Act. In our opinion the $10,000 appropriation mentioned in Section 8a, above, is available for you for purposes specified in Senate Bill No. 200 and can be used immediately.

Your second question is whether the $10,000 above mentioned must be expended prior to August 31, 1939, if not, may it be expended at a later date. Section 8a quoted above says that the $10,000 appropriated is to carry out the purposes and provisions of this Act for the remainder of the fiscal year ending August 31, 1939. August 31, 1939, is the end of the present fiscal year and all moneys not spent by that time revert to the General Fund. We believe that the Legislature intended that such money as remained in this $10,000 fund on August 31, 1939, should revert to the State General Fund. In our opinion you can spend as much or all of the $10,000 appropriated as is necessary in carrying out the provisions of Senate Bill 200 prior to September 1, 1939, but all moneys unspent out of the $10,000 on that date shall revert to the State General Fund.

In question number three you desire to know if the

Dr. George K. Cox, Page 3

several sums appropriated in Section 8b of Senate Bill No. 200 are independent appropriations effective August 31, and if they are contingent only upon moneys obtained from collections under Section 8c of this Bill.

After reading the entire Act, Senate Bill No. 200, passed by the last Legislature, we have determined that it was unquestionably the intention of the Legislature that this division of your department, set up for the administration of this Act should be self supporting and that funds for the administration of the Act after August 31, 1939, should come from the receipts collected in the administration of the Act. Section 8c of the Act reads as follows:

> "SEC. 8c. The expenditure of any moneys under this Act shall never exceed the amount of money obtained from the collection of money required by any fee, permit, license or registration required by the provisions of this Act."

The above section clearly shows that the Legislature intended that your department shall spend only such funds as are collected under the terms of Senate Bill No. 200 in the administration of that Act after August 31, 1939. You will be limited to such moneys as are collected under the terms of the Act and if you collect more than the $34,400 during the year of August 31, 1940, you may spend only $34,400 but in the event you do not collect that much money, you can spend only such money as is collected. For the year August 31, 1940, to August 31, 1941, the appropriation calls for $28,350. That is the maximum amount that you may spend during that fiscal year. You are limited to such moneys as is collected by your department with the maximum fixed by the Legislature.

In question number four you ask what amount of money you may spend prior to August 31, 1940. The Legislature has appropriated $10,000 for the immediate use of your department in the administration of this act and if that amount of money is necessary for the administration of the act, you may spend all of the $10,000 prior to August 31, 1939. The Legislature knew that no money was available to start the department off in this work and they appropriated $10,000 out of the General Fund for that purpose. They did not have in mind the

Dr. George W. Cox, Page 4

special appropriation when in Section 8c they said, "shall never exceed the amount of money collected" for no money was or would be available until an organization was set up to collect the fees under the act. We do not believe that the Legislature intended that the $10,000 appropriated for immediate use must be repaid out of the receipts of the administration of this Act. A statute must be construed by giving effect to all its parts, 39 Tex. Juris. p. 208, and by harmonizing the various provisions of the act. 39 Tex. Juris. p. 209. In so doing we believe the intent was to start this department off with $10,000 and from then on it must earn its way. We do not think that the Legislature intended for your department to wait until money was collected to set up your organization. In order to begin the administration of the Act, that amount of money was considered necessary and they, therefore, appropriated it for the use of your department. Our opinion is that you may spend such portion of the $10,000 as is necessary prior to August 31, 1939, and that you may spend $34,400 during the fiscal year 1939-1940, if that amount of money be collected and be necessary for the administration of the Act.

In question number five you ask if all accounts must be presented to the State Health Officer and the Treasurer of this State prior to going to the Comptroller's office for disbursement. Section 8a of this bill appropriated $10,000 for immediate use that the Act specifically requires, that such funds "to be disbursed by order of the State Health Officer and Treasurer of this State." As to the $10,000 appropriation, it is our opinion that such moneys as are spent by your department out of the $10,000 appropriation must be paid upon order of the State Health Officer and Treasurer of this State. We do not believe that that requirement is applicable to the appropriation for the fiscal years beginning September 1, 1939, and September 1, 1940. Section 8a is your special appropriation and the Legislature wanted a check on the expenditure of those funds and for that reason specified that it be disbursed by order of the State Health Officer and Treasurer of Texas. The appropriation for the next biennial is itemized as are most appropriations and they did not specify that they be paid out as are the funds under Section 8a. The biennial appropriation beginning September 1, 1939, is

Dr. George W. Cox, Page 5

provided for as are all departmental appropriations.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges*,

Morris Hodges
Assistant

APPROVED JUL 20, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY T.D.R.
CHAIRMAN